FREDERICK CARDIN *vs.* ISRAEL LOVETT.

DECEMBER 15, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an action of trespass on the case for negligence to recover for damage to plaintiff's furniture. The trial in the Superior Court resulted in a verdict for the plaintiff in the sum of $100. The case is before this court on defendant's exceptions, first, to the refusal of the trial justice to direct a verdict in his favor, and, second, to the denial of his motion for a new trial on the ground that the verdict is against the evidence and the weight thereof.

On the question of negligence there were but two witnesses, plaintiff's wife and the defendant. Plaintiff's wife testified that defendant was their landlord and that arrangements had been made for him to come into the tenement to do some whitewashing; that on the date of the occurrence while defendant was working in the parlor behind closed doors she suddenly heard an "awful crash"; that she went into the parlor and saw the pail of whitewash spilled over and lying on the floor, and that defendant said: "See what I done"; that the white substance had soiled the furniture and had caused a large spot on the rug.

Defendant testified that before the accident the pail contained about three glassfuls of whitewash; that it did not fall from the stepladder; that when he was ascending same the pail seemed to slip; that he seized it to prevent this and that some of the whitewash spilled out.

Defendant's first exception is to the refusal of the trial justice to direct a verdict in his favor, claiming that the doctrine of *res ipsa loquitur* does not apply.

The defendant was alone in the room and the pail of whitewash and the stepladder were under his control. The accident which occurred was such as would not ordinarily occur in the whitewashing of a ceiling, if due precautions were taken.

The rule applicable to the cases in which loss or damage occurs through an instrumentality in a defendant's control is stated by this court in *LaForrest* v. *O'Driscoll*, 26 R. I. 547, as follows: "The cases are numerous which hold that the happening of the accident may in itself amount to *prima facie* evidence of negligence, when the cause or instrumentality of the accident is under the defendant's control, and when such an accident does not ordinarily occur if due precautions be taken." To the same effect is *Cox* v. *Providence Gas Co.*, 17 R. I. 199. As the accident called for an explanation by the defendant and this explanation and the testimony by plaintiff's wife as to what she saw and heard were contradictory in many particulars, there were raised questions of fact properly submitted to the jury, and defendant's exception on this ground is overruled.

The defendant's exception to the refusal to grant a new trial is without merit as the evidence was conflicting and peculiarly for determination by a jury. The trial justice saw and heard the parties and has approved the verdict as doing substantial justice between them. Where the evidence is conflicting the decision of the trial justice, unless clearly erroneous, should not be disturbed. *Wilcox* v. *R. I. Co.*, 29 R. I. 292.

All of defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Fergus J. McOsker*, for plaintiff.

*Robinson & Robinson, Edmund Wexler*, for defendant.